IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANA CHILDERS (INDIVIDUALLY, AND AS THE EXECUTRIX OF THE ESTATE OF JESSE CHILDERS) AND THE ESTATE OF JESSE CHILDERS, DECEASED,<br>*Plaintiffs*,<br><br>v.<br><br>SAN SABA COUNTY, ALLEN BROWN (INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS SAN SABA COUNTY SHERIFF), BYRON THEODOSIS (INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS SAN SABA COUNTY JUDGE), AND NORTH SAN SABA WATER SUPPLY CORPORATION.<br>*Defendants.* | CIVIL ACTION NO. 1:14-CV-0916-LY |

## DEFENDANT NORTH SAN SABA WATER SUPPLY CORPORATION'S MOTION TO DISMISS

NOW COMES North San Saba Water Supply Corporation (hereinafter "NSSWSC"), Defendant in the above-titled and numbered cause of action, and files this its motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b) and in support would show the Court the following:

### I. INTRODUCTION AND BACKGROUND

Plaintiff filed her Complaint in this Court on October 3, 2014. Pursuant to Fed. R. Civ. Proc. 4(m), Plaintiff is required to serve Defendants with her complaint within 120 days. Defendant NSSWSC was not served with process until April 14, 2015 – over six months later and roughly two months longer than the amount of time permitted by the Federal Rules.

Plaintiff has brought her claims under 42 U.S.C. Sections 1983 and 1985. Neither Section 1983 or §1985 apply to Defendant NSSWSC because it is a private corporation that was not acting under color of law, in concert with any state authority, or in conspiracy with anyone.

Plaintiff's claims against NSSWSC should be dismissed under FRCP 12(b)(5) and 12(b)(6) for untimely service and failure to state a claim upon which relief can be granted, respectively.

## II.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. In ruling on such a motion, the Court may not look beyond the face of the plaintiff's pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[R]egardless whether a plaintiff is proceeding pro se or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 746 (N.D. Tex. 2013), citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Dismissal is proper if there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Batiste v. City of Beaumont,* 421 F.Supp.2d. 969, 977-78 (E.D. Tex. 2005), citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Although courts construe pleadings filed by pro se litigants under a less stringent standard than those filed by attorneys, pro se parties must still comply with the rules of procedure and make proper arguments. See *Haines v. Kerner*, 404 U.S. 519 (1972); *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999).

### III.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff's complaint should be dismissed for untimely service under FRCP 12(b)(5).**

Plaintiff waited over six months after filing her lawsuit to have Defendant NSSWSC served with process.  Rule 4(m) of the Federal Rules of Civil Procedure requires the Court to dismiss a lawsuit if a defendant is not served within 120 days after the filing of the complaint, unless the Plaintiff shows good cause for the failure.

Plaintiff's response to this Court's show cause order does not provide good reason for the delay.  Plaintiff provides copious reasons for why she had not yet obtained counsel of record, but no reason or explanation for why she could not have served Defendants with process in the meantime.  The fact that Plaintiff *did* finally manage to have the Defendants served without appearance of any counsel on her behalf is proof that Plaintiff need not have waited until almost four months after the statutory limits to do so.  Plaintiff's complaint should be dismissed for insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Furthermore, because §1983 and §1985 have no statute of limitations provision, the Court looks to the state statute of limitations in personal injury cases such as this one.  *Burkett v. City of El Paso*, 513 F. Supp.2d 800,   (W.D. Tex., El Paso 2007).  The applicable limitations period for personal injury actions under Texas law is two years.  CIV. PRAC. & REM. CODE §16.003.  According to Plaintiff's pleading, her cause of action would have accrued on October 28, 2012.  The statute of limitations on Plaintiff's claims ran over five months before Defendants were served.  Consequently, because Plaintiff failed to timely serve Defendants pursuant to Rule 4(m) and the statute of limitations has now expired on Plaintiff's causes of action, Plaintiff's claims should be dismissed with prejudice.

**B.    Plaintiff's complaint should be dismissed under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.**

   **1.    42 U.S.C. §1983**

To recover under §1983, the elements which Plaintiff must prove are (1) deprivation of a constitutional right by the Defendant, and (2) the fact that the Defendant acted under color of law. *Smith v. Young Men's Chr. Ass'n of Montgomery, Inc.*, 462 F.2d 634, 647 (5th Cir. 1972). The NSSWSC is a private entity, and a private entity can only be held liable under §1983 if the plaintiff shows that it was acting "under color of law." *Morris v. Dillard Dep't Stores, Inc.*, 277 F. 3d 743, 747 (5th Cir. 2001). The U.S. Supreme Court has held that "conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Evans v. Newton*, 382 U.S. 296, 299 (1966). The case at hand, however, is not such an example.

To "act under the color of state law" for the purposes of the civil rights statutes requires at least that the Defendant be a willful participant in a joint action with the state or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922 (1982) delineates a two-part test for determining whether state action exists. The two prongs of that test are as follows:

   (1)   whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority, and

   (2)   whether, under the facts of the case, the private party may fairly be characterized as a state actor.

*Lugar*, 457 U.S. at 939. Even taken as true, Plaintiff's allegations merely state that NSSWSC (1) improperly placed a water pipe on Plaintiff's land, and (2) filed a criminal complaint against Defendant for destroying said water pipe. Neither of these actions – or claimed deprivations – are

related to any exercise of state authority. Placing water pipes and the upkeep of such is the daily business of the NSSWSC. The corporation – a private corporation – exists specifically for the purpose of providing water to the residents of San Saba County. The corporation is not a state actor, and its business of water provision is not an exercise of state authority.

Similarly, any citizen or business can file a police report. Anyone can call the sheriff's office and notify it of a crime being committed against that person or his property. Private parties cannot be considered state actors merely because they invoke a state statute. *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F. 2d 544, 555 (5th Cir. 1988).

Neither of the actions Plaintiff alleges Defendant NSSWSC took are subject to jurisdiction under §1983 because, even if the facts are exactly as Plaintiff alleges, neither shows that NSSWSC acted either to deprive Mr. Childers of a constitutional right or under color of law. Plaintiff has failed to state a proper claim under §1983, and her claims should therefore be dismissed.

    **2.**    **42 U.S.C. §1985**

It is not clear from Plaintiff's complaint which subsection of §1985 she wishes to apply to this action, but it appears she is pursuing her claim under §1985(3). To state a claim under § 1985(3), a plaintiff must allege the following: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 980-81 (E.D. Tex. 2005). Further, to prove civil conspiracy, there must be persuasive evidence that two or more individuals knowingly engaged over period of time in common purpose to accomplish unlawful objectives or to accomplish lawful

end by unlawful means.  *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D.Tex. 1972), affirmed 479 F.2d 1044.

Plaintiff's complaint contains no facts from which one could conclude that a conspiracy existed, that plaintiff is in a protected class, or that the incidents that occurred involved obstruction of justice or denial of equal protection of the laws.  Plaintiff bases her entire claim of conspiracy on the mere allegation that Defendant NSSWSC filed a criminal complaint with the County against Mr. Childers for his destruction of its water pipe.  That allegation in and of itself is not sufficient evidence to establish a claim under §1985.  Plaintiff's conspiracy claim must fail.

### IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant NSSWSC prays that its Motion to Dismiss be granted, that Plaintiffs' claims be dismissed with prejudice, and for such other and further relief as the Court deems it justly entitled.

Respectfully submitted,

_____
Richard T. Miller
Texas Bar No. 14108300
Law Office of Richard T. Miller
414 E. Wallace St.
San Saba, TX 76877
325-372-4400
325-372-3645 Fax
rtmiller@centex.net
*Attorney for Defendant North San Saba Water Supply Corporation*

## CERTIFICATE OF SERVICE

      This is to certify that on April 29th, 2015, a copy of the foregoing document was filed and served upon the following via the means indicated:

*Via U.S. Mail*
Jana Childers
765 County Road 116
San Saba, TX 76877
*Plaintiff*

*Via the ECF system*
Charles S. Frigerio
Hector X. Saenz
Law Offices of Charles S. Frigerio
Riverview Towers
111 Soledad, Suite 840
San Antonio, TX 78205
210-271-7877
210-271-0602 Fax
*Attorney for Defendants San Saba County and County Judge Byron Theodosis*

_____
Richard T. Miller